# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| Ledge Lounger, Inc., | **Case No. 4:23-cv-00727** |
| Plaintiff, | **Jury Trial Demanded** |
| v. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| Luxury Lounger, Inc., | |
| Defendant. | |

**(1) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114**

**(2) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**

**(3) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**

**(4) TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**

**(5) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**

**(6) COMMON LAW TRADE DRESS INFRINGEMENT;**

**(7) COMMON LAW UNFAIR COMPETITION;**

**(8) COMMON LAW MISAPPROPRIATION;**

**(9) UNJUST ENRICHMENT;**

**(10) PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271; AND**

**(11) PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271.**

## COMPLAINT

Plaintiff, Ledge Lounger, Inc. ("Ledge Lounger" or "Plaintiff"), for its complaint against Luxury Lounger, Inc. ("Luxury Lounger" or "Defendant"), alleges as follows:

## PARTIES

1.      Ledge Lounger is a company organized and existing under the laws of the State of Texas with a principal place of business at 616 Cane Island Parkway, Suite 100, Katy, Texas 77494.

2.      Upon information and belief, Luxury Lounger is a company organized and existing under the laws of the State of Texas with a principal place of business at 500 Stonegate Dr., Katy, Texas 77494.

## JURISDICTION AND VENUE

3.      This is a complaint for damages and injunctive relief and includes multiple grounds for relief including trade dress infringement, trade dress dilution, unfair competition and false designation of origin, misappropriation, unjust enrichment, and design patent infringement. This complaint arises under the Texas Business & Commerce Code; the Trademark Act of 1946, 15 U.S.C. § 1051, et seq. ("the Lanham Act"); federal common law; state common law, including the law of Texas, and the United States Patent Act, 35 U.S.C. § 100, et seq.

4.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.      This Court has personal jurisdiction over Luxury Lounger because, *inter alia*, Luxury Lounger is a Texas corporation residing in this district and has a principal place of business in Texas and in this District. This Court also has personal jurisdiction over Luxury Lounger because, *inter alia*, Luxury Lounger is purposefully and intentionally availing itself of the

privileges of doing business in the State of Texas, including in this District, by, for example, advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing infringing products to customers and/or potential customers, including in this District.

6.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d) and/or 1400(b).

## FACTUAL BACKGROUND

### Ledge Lounger's Intellectual Property

7.      For over a decade, Ledge Lounger has continuously engaged in and is at the forefront of the design, development, manufacture, promotion, and sale of outdoor furniture, including its Signature Chaise™ chair ("Signature Chaise™") and Signature Chair™ chair ("Signature Chair™") (collectively, "Ledge Lounger's Furniture"). Ledge Lounger created the unique, distinctive, and non-functional designs of Ledge Lounger's Furniture. Ledge Lounger has extensively and continuously promoted and used these designs in the United States including Texas. As result of its extensive and continuous promotion and use, Ledge Lounger's designs have become well-known indicators of the origin and quality of Ledge Lounger's Furniture. Ledge Lounger's designs also have acquired substantial secondary meaning in the marketplace and have become famous.

8.      Ledge Lounger has enjoyed significant sales of Ledge Lounger's Furniture throughout the United States, including sales to customers in the State of Texas. Ledge Lounger has also invested tremendous resources in the design, development, manufacture, advertising, and marketing of Ledge Lounger's Furniture. The designs of Ledge Lounger's Furniture have received widespread and unsolicited public attention.

9.      For example, Ledge Lounger's Furniture has been featured in numerous newspapers, magazines, and Internet articles and posts and in numerous television programs

throughout the United States and Texas.

10.     As another example, numerous television programs shown throughout the United States and Texas have featured Ledge Lounger's Furniture including, for example, Cool Pools (HGTV, DIY), Insane Pools (Animal Planet), Pool Kings (HGTV, DIY), Desert Flippers (HGTV), Big Brother (CBS), and WAGS Miami (E! Network).

11.     As yet another example, numerous magazines throughout the United States and Texas have featured Ledge Lounger's Furniture, including, for example, Luxury Pools magazine and Luxury Home magazine:

**Illustration 1: Images of Magazines Featuring Ledge Lounger's Furniture**



12.     In addition, numerous celebrities throughout the United States and Texas have been photographed or have shared photographs of Ledge Lounger's Furniture on social media, including Kendall Jenner, Ellen DeGeneres, Kourtney Kardashian, Christina Hall (fka Christina El Mousa-Anstead), Kim Kardashian, J.J. Watt, Steve Aoki, and other such celebrities and professional

athletes that have hundreds of millions of social media followers.

13.     As another example, numerous resort-type and commercial properties throughout the United States and Texas own and use Ledge Lounger's Furniture, including the Marriot Marquis in Houston, Texas, the Post Oak Hotel in Houston, Texas, the Hotel Zaza in Houston, Texas, the Embassy Suites in The Woodlands, Texas, the Hilton Garden Inn in Dallas, Texas, the La Cantera in San Antonio, Texas, the Fairmont in Austin, Texas, the Golden Nugget in Lake Charles, Louisiana, the Golden Nugget in Biloxi, Mississippi, the Cosmopolitan in Las Vegas, Nevada, the MGM Grand in Las Vegas, Nevada, the Raleigh Hotel in Miami, Florida, the Laylow Hotel in Waikiki, Hawaii, Royal Caribbean Cruise Lines throughout the world, and Top Golf throughout the country, to name a few.

14.     The designs of Ledge Lounger's Furniture have distinctive and nonfunctional features that identify to consumers that the origin of the furniture products is Ledge Lounger. As a result of at least Ledge Lounger's continuous and exclusive use of the designs of Ledge Lounger's Furniture, Ledge Lounger's marketing, advertising, and sales of Ledge Lounger's Furniture, and the highly valuable goodwill, substantial secondary meaning, and fame acquired as a result, Ledge Lounger owns rights in the designs and appearances of Ledge Lounger's Furniture, which consumers have come to uniquely associate with Ledge Lounger.

15.     Ledge Lounger owns U.S. Trademark Registration No. 6,932,905 (the "'905 Mark"), a federal trade dress registration relating to Ledge Lounger's Signature Chaise™ product.

16.     Ledge Lounger owns trade dress rights relating to the source identifying features of Ledge Lounger's Furniture designs. Ledge Lounger has extensively and continuously promoted and used its designs for years in the United States and in Texas. Through that extensive and continuous promotion and use, Ledge Lounger's designs have become well-known indicators of

the origin and quality of Ledge Lounger's Furniture. Ledge Lounger's designs have also acquired substantial secondary meaning in the marketplace and have become famous.

17.     Ledge Lounger also owns design patents rights relating to Ledge Lounger's Furniture, including U.S. Design Patent No. D917,189 (the "D'189 Patent") and U.S. Design Patent No. D917,190 (the "D'190 Patent").

18.     Ledge Lounger further owns U.S. Trademark No. 5,056,441 for LEDGE LOUNGER and U.S. Trademark No. 5,384,225 for LEDGE LOUNGER and Design.

19.     On December 27, 2022, the '905 Mark was duly and legally registered in the U.S. Patent and Trademark Office by Ledge Lounger. A copy of the '905 Mark Registration Certificate is attached as Exhibit 1. Ledge Lounger owns the entire right, title, and interest in and to the '905 Mark. An exemplary image of the '905 Mark is shown below:

| Illustration 2: Drawing of the '905 Mark (Ex. 1) |
|---|
|  |

20.     The '905 Mark consists of a three-dimensional configuration of a chair curved like

a wave where the back of the chair slopes down and the lower half of the chair curves up and down towards the right. The bottom side of the chair and the horizontal line at the base of the curve to the right side appear in broken lines and are not claimed as features of the mark. *See* Ex. 1.

21.     Ledge Lounger owns common law trade dress rights in the overall look, design, and appearance of its Signature Chaise™ chair, which includes the design and appearance of the curves and slopes in the Signature Chaise™ chair; the wavelike design and appearance of the chair where the back of the chair slopes down and the lower half of the chair curves up and then down; the design and appearance of the profile of the Signature Chaise™ chair; the design and appearance of the curves and slopes of the upper portion of the Signature Chaise™ chair; the design and appearance of the curves and slopes of the middle portion of the Signature Chaise™ chair; the design and appearance of the curves and slopes of the lower portion of the Signature Chaise™ chair; the design and appearance of the arch of the Signature Chaise™ chair; and the relationship of these features to each other and to other features.

22.     An exemplary image of Ledge Lounger's Signature Chaise™ is shown below:

| Illustration 3: Image of the Signature Chaise™ |
|---|



23.     As a result of Ledge Lounger's exclusive, continuous, and substantial use, advertising, and sales of products bearing the '905 Mark, including the Signature Chaise™, and the publicity and attention that has been paid to the '905 Mark and the overall look, design, and appearance of the Signature Chaise™, Ledge Lounger's trade dress rights in the '905 Mark and the Signature Chaise™ have become famous and have acquired valuable goodwill and substantial secondary meaning in the marketplace. Indeed, the '905 Mark confirms the source identifying property of the Signature Chaise™.

24.     Ledge Lounger also owns common law trade dress rights in the overall look, design,

and appearance of its Signature Chair™ chair, which includes the design and appearance of the curves and slopes in the Signature Chair™ chair; the design and appearance of the profile of the Signature Chair™ chair; the design and appearance of the curves and slopes of the upper portion of the Signature Chair™ chair; the design and appearance of the curves and slopes of the middle portion of the Signature Chair™ chair; the design and appearance of the base, curves, and slopes of the lower portion of the Signature Chair™ chair; the design and appearance of the arch of the Signature Chair™ chair; and the relationship of these features to each other and to other features.

25.   An exemplary image of Ledge Lounger's Signature Chair™ is shown below:

| Illustration 4: Image of Ledge Lounger's Signature Chair™ |
| --- |



26.   As a result of Ledge Lounger's exclusive, continuous, and substantial use, advertising, and sales of its Signature Chair™, bearing Ledge Lounger's trade dress, and the

publicity and attention that has been paid to Ledge Lounger's trade dress in the Signature Chair™, Ledge Lounger's trade dress in the Signature Chair™ has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate Ledge Lounger's trade dress in the Signature Chair™ as a source identifier of Ledge Lounger.

27.     Ledge Lounger owns the D'189 Patent, which is entitled "Chaise." On April 27, 2021, the D'189 Patent was duly and legally issued by the U.S. Patent and Trademark Office to Ledge Lounger. Ledge Lounger owns the entire right, title, and interest in and to the D'189 Patent. A copy of the D'189 Patent is attached as Exhibit 2. An exemplary figure from the D'189 Patent is shown below:

**Illustration 5: Figure from the D'189 Patent (Ex. 2)**



28.     Ledge Lounger owns the D'190 Patent, which is entitled "Chaise." On April 27, 2021, the D'190 Patent was duly and legally issued by the U.S. Patent and Trademark Office to Ledge Lounger. Ledge Lounger owns the entire right, title, and interest in and to the D'190 Patent. A copy of the D'190 Patent is attached as Exhibit 3. An exemplary figure from the D'190 Patent

is shown below:

| Illustration 6: Figure from the D'190 Patent (Ex. 3) |
|---|



29.     Ledge Lounger's Furniture is made in the United States using high-quality components and processes, resulting in a durable, sleek, and attractive final product. For example, Ledge Lounger's Furniture is roto molded, which is a process that is generally more complicated and expensive compared to other methods of manufacturing. As a result of using these high-quality components and processes, Ledge Lounger is well known among consumers and industry professionals for making the highest quality outdoor and lounge furniture.

### Luxury Lounger's Willful and Unlawful Activities

30.     After Ledge Lounger's Furniture became extremely popular in the marketplace, in particular its Signature Chaise™, Luxury Lounger entered the market with a business model to clearly trade off of the popularity and success of Ledge Lounger's Furniture by selling the infringing products described below.

31.     Without Ledge Lounger's authorization or consent, Luxury Lounger began

advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import products that violate Ledge Lounger's rights, including the rights protected by Ledge Lounger's intellectual property.

32.     Luxury Lounger started its business to sell three main products. All three products infringe Ledge Lounger's intellectual property. Luxury Lounger's infringing products include, at least, its Wave Lounger, Classic Upright Lounger, and Chaise Lounger (collectively, the "Infringing Products"). Exemplary images of Luxury Lounger's Infringing Products from its website, https://www.luxury-lounger.com/, are shown below in Illustrations 7-9:

| Illustration 7: Images of Luxury Lounger's Infringing Wave Lounger Product |
|---|



**Illustration 8: Images of Luxury Lounger's
Infringing Classic Upright Lounger Product**



**Illustration 9: Images of Luxury Lounger's
Infringing Chaise Lounger Product**



33.     It is evident that Luxury Lounger copied Ledge Lounger's Furniture designs. Indeed, the resemblance of Luxury Lounger's Infringing Products to Ledge Lounger's Furniture is quite striking, as illustrated below:

| Illustration 10: Images of Ledge Lounger's Federal Trade Dress Registration, Trade Dress, and Patents Compared to Luxury Lounger's Infringing Products | |
| --- | --- |
| **Example Images of Ledge Lounger's Federal Trade Dress Registration, Trade Dress, and Patents** | **Example Images of Luxury Lounger's Infringing Products** |
|  |  |
|  |  |

| Illustration 10: Images of Ledge Lounger's Federal Trade Dress Registration, Trade Dress, and Patents Compared to Luxury Lounger's Infringing Products | |
| --- | --- |
| Example Images of Ledge Lounger's Federal Trade Dress Registration, Trade Dress, and Patents | Example Images of Luxury Lounger's Infringing Products |
|  |  |
|  |  |

| Illustration 10: Images of Ledge Lounger's Federal Trade Dress Registration, Trade Dress, and Patents Compared to Luxury Lounger's Infringing Products ||
|---|---|
| **Example Images of Ledge Lounger's Federal Trade Dress Registration, Trade Dress, and Patents** | **Example Images of Luxury Lounger's Infringing Products** |
|  |  |
|  |  |
|  |  |

34.     Luxury Lounger's infringement of Ledge Lounger's rights has been and continues to be deliberate, intentional, and willful. Indeed, Luxury Lounger has openly and persistently mimicked, imitated, and copied Ledge Lounger's products, designs, marketing, and imagery. Some examples—apart from the Infringing Products listed above—highlight Luxury Lounger's intent to constantly copy Ledge Lounger.

35.     First, Luxury Lounger copied the look and feel of Ledge Lounger's marketing. Indeed, Luxury Lounger adopted a name that is nearly indistinguishable from Ledge Lounger to trade off of Ledge Lounger's reputation, investments, innovations, and goodwill. Luxury Lounger calls its product the Wave Lounger to trade off of the highly identifiable wave form design of Ledge Lounger's products. What's more, Luxury Lounger adopted a logo that is conspicuously similar to Ledge Lounger's logo. Among other things, Luxury Lounger's logo includes wave illustrations and the side profile of a wave form chair, just as Ledge Lounger's logo includes a wave illustration that echoes the side profile of Ledge Lounger's wave form Signature Chaise™. Luxury Lounger also copied Ledge Lounger's color scheme of dark blue and sky blue. These similarities are apparent in the illustration below showing both logos:

| Illustration 11: Images of Ledge Lounger's Logo and Luxury Lounger's Logo |
|---|



36.     Luxury Lounger also intentionally copied aspects of Ledge Lounger's website design. Among other things, Luxury Lounger copied Ledge Lounger's color scheme of dark blue and sky blue; the logo placement in the top left corner; and the shared term LOUNGER in the

same font and color that contrasts with LUXURY and LEDGE, which are both in bold. These similarities are apparent in the illustration below showing portions of both websites.

**Illustration 12: Images of Ledge Lounger's Website and Luxury Lounger's Website**



37.     As a further example, Luxury Lounger very recently copied Ledge Lounger's Signature Standard Side Table. Luxury Lounger now promotes and sells what it touts as a "New Arrival," a product that it calls the Grande Hourglass Table. The similarities between Ledge Lounger's Signature Standard Side Table and Luxury Lounger's Grande Hourglass Table are illustrated below:

| Illustration 13: Images of Ledge Lounger's Signature Standard Side Table and Luxury Lounger's Grande Hourglass Table |
|---|



**Signature Standard Side Table**



New Arrival

Grande Hourglass Table

38.     In aggregate, it is clear that Luxury Lounger is intentionally and improperly trading off of Ledge Lounger's goodwill and is trying to benefit from Ledge Lounger's substantial investments in its designs without expending any effort or paying for it. Luxury Lounger is also trying to confuse consumers into thinking that its products are associated with, sponsored by, or approved by Ledge Lounger, when they are not.

39.     Luxury Lounger promotes and sells its inferior quality Infringing Products to the same types of consumers as those to whom Ledge Lounger promotes and sells its furniture. The Infringing Products Luxury Lounger sells are the same types of products Ledge Lounger sells. The channels of trade through which Luxury Lounger markets and sells the Infringing Products are the same as those used by Ledge Lounger. But, while Ledge Lounger produces and sells high-quality, American-made products, Luxury Lounger sells lower-quality, lower-priced copies of Ledge Lounger's Furniture. Among other things, Luxury Lounger's lower-quality products are likely to

be confused with the designs of Ledge Lounger's Furniture, thereby harming Ledge Lounger's reputation, business prospects, and goodwill.

40.     As a result of Luxury Lounger's activities related to the Infringing Products, there is a likelihood of confusion between Luxury Lounger and its Infringing Products on the one hand, and Ledge Lounger and its trademarked products on the other hand.

41.     Ledge Lounger used its trade dress and trademarks extensively and continuously before Luxury Lounger existed or began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing into the United States its Infringing Products. Moreover, Ledge Lounger's trade dress and trademarks became famous and acquired secondary meaning in the United States, and in the State of Texas generally and in geographic areas in Texas, before Luxury Lounger commenced its infringing activities.

42.     Luxury Lounger's actions have been intentional, willful, and malicious. Luxury Lounger's bad faith is evidenced at least by Luxury Lounger's direct copying of Ledge Lounger's Furniture and Luxury Lounger's continuing disregard for Ledge Lounger's rights.

43.     Ledge Lounger's correspondence history with Luxury Lounger evidences Luxury Lounger's intentional, willful, and malicious disregard for Ledge Lounger's rights. For example, on June 2, 2022, Ledge Lounger sent a letter to Luxury Lounger requesting that Luxury Lounger cease using what appeared to be images of Ledge Lounger's Signature Chaise™ product in its advertising and promotional materials for its products. *See* Exhibit 4. The illustration below shows some of the images included in Ledge Lounger's June 2, 2022 letter.

**Illustration 14: Images from Ledge Lounger's June 2, 2022 Letter to Luxury Lounger (Ex. 4)**



44.     On June 20, 2022, Luxury Lounger responded and claimed that the images in Ledge Lounger's June 2, 2022 letter did not depict Ledge Lounger's Signature Chaise™ product, but, in fact, depicted "chairs Luxury Lounger sells, specifically . . . Luxury Lounger's Wave Chairs." Exhibit 5. No doubt aware that its knock-off products copy the protected design of Ledge Lounger's Signature Chaise™ product, Luxury Lounger then attempted to distance itself from Ledge Lounger's anticipated claims of infringement by, among other things, contending that the

Signature Chaise™ design is functional and not entitled to trade dress protection. *Id*. Luxury Lounger is wrong. The design of the Signature Chaise™ product is now protected by the federally registered '905 Mark which constitutes prima facie evidence of its validity, including secondary meaning and non-functionality.

45.     Accordingly, on July 18, 2022, Ledge Lounger demanded that Luxury Lounger cease its infringing activities. *See* Exhibit 6. Luxury Lounger never ceased its infringing activities nor did it ever respond to Ledge Lounger's demands. Subsequently, the United States Trademark Office issued a registration for Ledge Lounger's '905 Mark on December 27, 2022.

46.     Because Luxury Lounger has not ceased its infringing activities and is harming Ledge Lounger, and because Luxury Lounger's infringing activities continue to grow and further harm Ledge Lounger, Ledge Lounger has been forced to seek relief in this Court, as more fully described below.

## Count I: Trade Dress Infringement Under § 32 of the Lanham Act 15 U.S.C. § 1114

47.     Ledge Lounger realleges and incorporates the allegations set forth in paragraphs 1 through 46 as though fully set forth herein.

48.     The '905 Mark is federally registered with the U.S. Patent and Trademark Office, as set forth above.

49.     The actions of Luxury Lounger described above including, without limitation, its unauthorized use of the '905 Mark, and confusingly similar variations thereof, in commerce to sell, distribute, advertise, or promote Luxury Lounger's infringing Wave Lounger product throughout the United States, including Texas, constitutes trade dress infringement in violation of 15 U.S.C. § 1114.

50.     Ledge Lounger has suffered and will continue to suffer irreparable harm for which it has no adequate remedy at law as a result of Luxury Lounger's continuing infringing activities.

51.     The actions of Luxury Lounger, if not enjoined, will continue.

52.     Pursuant to 15 U.S.C. § 1117, Ledge Lounger is also entitled to recover damages in an amount to be proven at trial, profits made by Luxury Lounger related to or arising from its infringing activities, and costs of the action. Ledge Lounger is informed and believes that the actions of Luxury Lounger were taken willfully and with the intention of violating the trade dress rights of Ledge Lounger, making this an exceptional case entitling Ledge Lounger to recover treble damages and attorneys' fees.

## Count II: Trade Dress Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

53.     Ledge Lounger realleges and incorporates the allegations set forth in paragraphs 1 through 52 as though fully set forth herein.

54.     Luxury Lounger's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Infringing Products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing Ledge Lounger's trade dress. Specifically, Luxury Lounger's Wave Lounger infringes, at least, Ledge Lounger's trade dress rights in the Signature Chaise™; and Luxury Lounger's Classic Upright Lounger infringes, at least, Ledge Lounger's trade dress rights in the Signature Chair™. Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Luxury Lounger with Ledge Lounger as to the origin, sponsorship, and/or approval of the Infringing Products, at least by creating the false and misleading impression that the Infringing Products are manufactured by, authorized by, or otherwise associated with Ledge Lounger.

55.     Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Ledge Lounger for which Ledge Lounger has no adequate remedy at law, including at least

substantial and irreparable injury to the goodwill and reputation for quality associated with Ledge Lounger's trade dress, Ledge Lounger's products, and Ledge Lounger.

56.     Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Luxury Lounger's bad faith is evidenced at least by Luxury Lounger's direct copying of Ledge Lounger's products and Luxury Lounger's continuing disregard for Ledge Lounger's rights.

57.     Ledge Lounger is entitled to injunctive relief, and Ledge Lounger is entitled to recover at least Luxury Lounger's profits, Ledge Lounger's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count III: Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

58.     Ledge Lounger realleges and incorporates the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59.     Based on the activities described above, including, for example, Luxury Lounger's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the Infringing Products, Luxury Lounger is likely to dilute, has diluted, and continues to dilute Ledge Lounger's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Specifically, Luxury Lounger's Wave Lounger is likely to dilute, has diluted, and continues to dilute, at least, Ledge Lounger's famous trade dress rights in the Signature Chaise™; and Luxury Lounger's Classic Upright Lounger is likely to dilute, has diluted, and continues to dilute, at least, Ledge Lounger's famous trade dress rights in the Signature Chair™. Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of Ledge Lounger's famous trade dress at least by eroding the public's exclusive identification of Ledge Lounger's famous trade dress with Ledge Lounger and Ledge Lounger's products, by lessening the capacity of Ledge Lounger's famous trade dress to identify

and distinguish Ledge Lounger's products, and by impairing the distinctiveness of Ledge Lounger's famous trade dress.

60.     Ledge Lounger's trade dress is famous and is entitled to protection under the Lanham Act. Ledge Lounger's trade dress includes unique, distinctive, and non-functional designs. Ledge Lounger's trade dress has acquired distinctiveness, as acknowledged by the U.S. Patent and Trademark Office, through Ledge Lounger's extensive and continuous promotion and use of Ledge Lounger's trade dress in the United States. Through that extensive and continuous use, Ledge Lounger's trade dress has become a famous, well-known indicator of the origin and quality of Ledge Lounger's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of Ledge Lounger and Ledge Lounger's products. Ledge Lounger's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, Ledge Lounger's trade dress became famous and acquired this secondary meaning before Luxury Lounger commenced its unlawful use of Ledge Lounger's trade dress in connection with the Infringing Products.

61.     Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to Ledge Lounger for which Ledge Lounger has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Ledge Lounger's trade dress, Ledge Lounger's products, and Ledge Lounger.

62.     Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Luxury Lounger's bad faith is evidenced at least by Luxury Lounger's direct copying of Ledge Lounger's products and Luxury Lounger's continuing disregard for Ledge Lounger's rights.

63.     Ledge Lounger is entitled to injunctive relief, and Ledge Lounger is also entitled to recover at least Luxury Lounger's profits, Ledge Lounger's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count IV: Trade Dress Dilution under Tex. Bus. & Com. Code § 16.103**

64.     Ledge Lounger realleges and incorporates the allegations set forth in paragraphs 1 through 63 as though fully set forth herein.

65.     Based on the activities described above, including, for example, Luxury Lounger's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the Infringing Products, Luxury Lounger is likely to dilute, has diluted, and continues to dilute Ledge Lounger's trade dress in violation of § 16.103 of the Texas Business & Commerce Code. Specifically, Luxury Lounger's Wave Lounger is likely to dilute, has diluted, and continues to dilute, at least, Ledge Lounger's famous trade dress rights in the Signature Chaise™; and Luxury Lounger's Classic Upright Lounger is likely to dilute, has diluted, and continues to dilute, at least, Ledge Lounger's famous trade dress rights in the Signature Chair™. Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of Ledge Lounger's famous trade dress at least by eroding the public's exclusive identification of Ledge Lounger's famous trade dress with Ledge Lounger, by lessening the capacity of Ledge Lounger's famous trade dress to identify and distinguish Ledge Lounger's products, and by impairing the distinctiveness of Ledge Lounger's famous trade dress.

66.     Ledge Lounger's trade dress is famous and is entitled to protection under Texas law. Ledge Lounger's trade dress includes unique, distinctive, and non-functional designs. Ledge Lounger has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas. Through that extensive and continuous use, Ledge Lounger's trade dress has become a famous, well-known indicator of the origin and quality of Ledge Lounger's products

in the United States and in the State of Texas generally and in geographic areas in Texas, and Ledge Lounger's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of Ledge Lounger and Ledge Lounger's products. Ledge Lounger's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas. Moreover, Ledge Lounger's trade dress became famous and acquired this secondary meaning before Luxury Lounger commenced its unlawful use of Ledge Lounger's trade dress in connection with the Infringing Products.

67.     Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to Ledge Lounger for which Ledge Lounger has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Ledge Lounger's trade dress, Ledge Lounger's products, and Ledge Lounger.

68.     Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Luxury Lounger's bad faith is evidenced at least by Luxury Lounger's direct copying of Ledge Lounger's products and Luxury Lounger's continuing disregard for Ledge Lounger's rights.

69.     Ledge Lounger is entitled to injunctive relief, and Ledge Lounger is also entitled to recover at least Luxury Lounger's profits, Ledge Lounger's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

## Count V: Unfair Competition and False Designation of Origin Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

70.     Ledge Lounger realleges and incorporates the allegations set forth in paragraphs 1 through 69 as though fully set forth herein.

71.     Luxury Lounger's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Infringing Products, in direct competition with Ledge Lounger, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and constitute unfair competition and false designation of origin, at least because Luxury Lounger has obtained an unfair advantage as compared to Ledge Lounger through Luxury Lounger's use of Ledge Lounger's trade dress, and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of Luxury Lounger's Infringing Products, at least by creating the false and misleading impression that its Infringing Products are manufactured by, authorized by, or otherwise associated with Ledge Lounger. Specifically, Luxury Lounger's Wave Lounger infringes, at least, Ledge Lounger's trade dress rights in the Signature Chaise™; and Luxury Lounger's Classic Upright Lounger infringes, at least, Ledge Lounger's trade dress rights in the Signature Chair™.

72.     Ledge Lounger's trade dress is entitled to protection under the Lanham Act. Ledge Lounger's trade dress includes unique, distinctive, and non-functional designs. Ledge Lounger has extensively and continuously promoted and used its trade dress in the United States. Through that extensive and continuous use, Ledge Lounger's trade dress has become a well-known indicator of the origin and quality of Ledge Lounger's products. Ledge Lounger's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, Ledge Lounger's trade dress acquired this secondary meaning before Luxury Lounger commenced its unlawful use of Ledge Lounger's trade dress in connection with the Infringing Products.

73.     Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Ledge Lounger for which Ledge Lounger has no adequate remedy at law, including at least

substantial and irreparable injury to the goodwill and reputation for quality associated with Ledge Lounger's trade dress, Ledge Lounger's products, and Ledge Lounger.

74.     Ledge Lounger is entitled to injunctive relief, and Ledge Lounger is also entitled to recover at least Luxury Lounger's profits, Ledge Lounger's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count VI: Common Law Trade Dress Infringement

75.     Ledge Lounger realleges and incorporates the allegations set forth in paragraphs 1 through 74 as though fully set forth herein.

76.     Luxury Lounger's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Infringing Products, in direct competition with Ledge Lounger, constitute common law trade dress infringement, at least because Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of its Infringing Products, at least by creating the false and misleading impression that its Infringing Products are manufactured by, authorized by, or otherwise associated with Ledge Lounger. Specifically, Luxury Lounger's Wave Lounger infringes, at least, Ledge Lounger's trade dress rights in the Signature Chaise™; and Luxury Lounger's Classic Upright Lounger infringes, at least, Ledge Lounger's trade dress rights in the Signature Chair™.

77.     Ledge Lounger's trade dress is entitled to protection under the common law. Ledge Lounger's trade dress includes unique, distinctive, and non-functional designs. Ledge Lounger has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, Ledge Lounger's trade dress has become a well-known indicator of the origin and quality of Ledge Lounger's products. Ledge Lounger's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, Ledge

Lounger's trade dress acquired this secondary meaning before Luxury Lounger commenced its unlawful use of Ledge Lounger's trade dress in connection with its Infringing Products.

78.     Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Ledge Lounger for which Ledge Lounger has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Ledge Lounger's trade dress, Ledge Lounger's products, and Ledge Lounger.

79.     Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Luxury Lounger's bad faith is evidenced at least by Luxury Lounger's direct copying of Ledge Lounger's products and Luxury Lounger's continuing disregard for Ledge Lounger's rights.

80.     Ledge Lounger is entitled to injunctive relief, and Ledge Lounger is also entitled to recover at least Ledge Lounger's damages, Luxury Lounger's profits, punitive damages, costs, and reasonable attorney fees.

### Count VII: Common Law Unfair Competition

81.     Ledge Lounger realleges and incorporates the allegations set forth in paragraphs 1 through 80 as though fully set forth herein.

82.     Luxury Lounger's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Infringing Products, in direct competition with Ledge Lounger, constitute common law unfair competition, at least by palming off/passing off of Luxury Lounger's goods, by simulating Ledge Lounger's trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of Luxury Lounger's Infringing Products, at least by creating the false and misleading impression that its Infringing Products are manufactured by, authorized by, or

otherwise associated with Ledge Lounger. Specifically, Luxury Lounger's Wave Lounger infringes, at least, Ledge Lounger's trade dress rights in the Signature Chaise™; and Luxury Lounger's Classic Upright Lounger infringes, at least, Ledge Lounger's trade dress rights in the Signature Chair™.

83.     Ledge Lounger's trade dress is entitled to protection under the common law. Ledge Lounger's trade dress includes unique, distinctive, and non-functional designs. Ledge Lounger has extensively and continuously promoted and used Ledge Lounger's trade dress for years in the United States and the State of Texas. Through that extensive and continuous use, Ledge Lounger's trade dress has become a well-known indicator of the origin and quality of Ledge Lounger's products. Ledge Lounger's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, Ledge Lounger's trade dress acquired this secondary meaning before Luxury Lounger commenced its unlawful use of Ledge Lounger's trade dress in connection with its Infringing Products.

84.     Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Ledge Lounger for which Ledge Lounger has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Ledge Lounger's trade dress, Ledge Lounger's products, and Ledge Lounger.

85.     Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Luxury Loungers' bad faith is evidenced at least by Luxury Loungers' direct copying of Ledge Lounger's products and Luxury Loungers' continuing disregard for Ledge Lounger's rights.

86.     Ledge Lounger is entitled to injunctive relief, and Ledge Lounger is also entitled to

recover at least Ledge Lounger's damages, Luxury Lounger's profits, punitive damages, costs, and reasonable attorney fees.

## Count VIII: Common Law Misappropriation

87.     Ledge Lounger realleges and incorporates the allegations set forth in paragraphs 1 through 86 as though fully set forth herein.

88.     Luxury Lounger's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the Infringing Products, in direct competition with Ledge Lounger, constitute common law misappropriation.

89.     Ledge Lounger created the products covered by Ledge Lounger's trade dress through extensive time, labor, effort, skill, and money. Luxury Lounger has wrongfully used Ledge Lounger's trade dress and/or colorable imitations thereof in competition with Ledge Lounger and gained a special advantage because Luxury Lounger was not burdened with the expenses incurred by Ledge Lounger. Specifically, Luxury Lounger's Wave Lounger infringes, at least, Ledge Lounger's trade dress rights in the Signature Chaise™; and Luxury Lounger's Classic Upright Lounger infringes, at least, Ledge Lounger's trade dress rights in the Signature Chair™. Luxury Lounger has commercially damaged Ledge Lounger, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of Luxury Lounger's Infringing Products, by creating the false and misleading impression that its Infringing Products are manufactured by, authorized by, or otherwise associated with Ledge Lounger, and by taking away sales that Ledge Lounger would have made.

90.     Ledge Lounger's trade dress is entitled to protection under the common law. Ledge Lounger's trade dress includes unique, distinctive, and non-functional designs. Ledge Lounger has extensively and continuously promoted and used Ledge Lounger's trade dress for years in the United States and the State of Texas. Through that extensive and continuous use, Ledge Lounger's

trade dress has become a well-known indicator of the origin and quality of Ledge Lounger's products. Ledge Lounger's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, Ledge Lounger's trade dress acquired this secondary meaning before Luxury Lounger commenced its unlawful use of Ledge Lounger's trade dress in connection with its Infringing Products.

91.     Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to Ledge Lounger for which Ledge Lounger has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Ledge Lounger's trade dress, Ledge Lounger's products, and Ledge Lounger. Moreover, as a result of its misappropriation, Luxury Lounger has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that Ledge Lounger invested in establishing the reputation and goodwill associated with Ledge Lounger's trade dress, Ledge Lounger's products, and Ledge Lounger.

92.     Luxury Lounger's misappropriation of Ledge Lounger's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Luxury Lounger's bad faith is evidenced at least by Luxury Lounger's direct copying of Ledge Lounger's products and Luxury Lounger's continuing disregard for Ledge Lounger's rights.

93.     Ledge Lounger is entitled to injunctive relief, and Ledge Lounger is also entitled to recover at least Ledge Lounger's damages, Luxury Lounger's profits, punitive damages, costs, and reasonable attorney fees.

## Count IX: Unjust Enrichment

94.     Ledge Lounger realleges and incorporates the allegations set forth in paragraphs 1 through 93 as though fully set forth herein.

95.     Luxury Lounger's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of its Infringing Products, in direct competition with Ledge Lounger, constitute unjust enrichment, at least because Luxury Lounger has wrongfully obtained benefits at Ledge Lounger's expense. Luxury Lounger has also, *inter alia*, operated with an undue advantage.

96.     Ledge Lounger created the products covered by Ledge Lounger's trade dress through extensive time, labor, effort, skill, and money. Luxury Lounger has wrongfully used and is wrongfully using Ledge Lounger's trade dress and/or colorable imitations thereof in competition with Ledge Lounger, and has gained and is gaining a wrongful benefit by undue advantage through such use. Luxury Lounger has not been burdened with the expenses incurred by Ledge Lounger, yet Luxury Lounger is obtaining the resulting benefits for its own business and products.

97.     Ledge Lounger's trade dress is entitled to protection under the common law. Ledge Lounger's trade dress includes unique, distinctive, and non-functional designs. Ledge Lounger has extensively and continuously promoted and used Ledge Lounger's trade dress for years in the United States and the State of Texas. Through that extensive and continuous use, Ledge Lounger's trade dress has become a well-known indicator of the origin and quality of Ledge Lounger's products. Ledge Lounger's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, Ledge Lounger's trade dress acquired this secondary meaning before Luxury Lounger commenced its unlawful use of Ledge Lounger's trade dress in connection with its Infringing Products.

98.     Luxury Lounger's use of Ledge Lounger's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to Ledge Lounger for which Ledge Lounger has no adequate remedy at law,

including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Ledge Lounger's trade dress, Ledge Lounger's products, and Ledge Lounger. Ledge Lounger accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment. Luxury Lounger has wrongfully obtained and is wrongfully obtaining a benefit at Ledge Lounger's expense by taking undue advantage and free-riding on Ledge Lounger's efforts and investments, and enjoying the benefits of Ledge Lounger's hard-earned goodwill and reputation.

99.     Luxury Lounger's unjust enrichment at Ledge Lounger's expense has been intentional, willful, and malicious. Luxury Lounger's bad faith is evidenced at least by Luxury Lounger's direct copying of Ledge Lounger's products and Luxury Lounger's continuing disregard for Ledge Lounger's rights.

100.     Ledge Lounger is entitled to injunctive relief, and Ledge Lounger is also entitled to recover at least Luxury Lounger's profits.

### Count X: Infringement of U.S. Patent D917,189 Under 35 U.S.C. § 271

101.     Ledge Lounger realleges and incorporates the allegations set forth in paragraphs 1 through 100 as though fully set forth herein.

102.     Luxury Lounger has infringed and continues to infringe the D'189 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Luxury Lounger's Chaise Lounger, which is covered by the claim of the D'189 Patent.

103.     Luxury Lounger's Chaise Lounger infringes the D'189 Patent because the overall appearance of the design of Luxury Lounger's Chaise Lounger and the D'189 Patent are substantially the same, and an ordinary observer would perceive the overall appearances of the design of Luxury Lounger's Chaise Lounger and the D'189 Patent to be substantially the same.

104.     Luxury Lounger's acts of infringement have been without express or implied

license by Ledge Lounger, are in violation of Ledge Lounger's rights, and will continue unless enjoined by this Court.

105. On information and belief, Luxury Lounger's infringement of the D'189 Patent has been, and continues to be, deliberate, intentional, and willful.

106. On information and belief, this is an exceptional case in view of Luxury Lounger's unlawful activities, including Luxury Lounger's deliberate, intentional, and willful infringement.

107. Ledge Lounger has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

108. Luxury Lounger also has caused, is causing, and will continue to cause irreparable harm to Ledge Lounger for which there is no adequate remedy at law and for which Ledge Lounger is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XI: Infringement of U.S. Patent D917,190 Under 35 U.S.C. § 271**

109. Ledge Lounger realleges and incorporates the allegations set forth in paragraphs 1 through 108 as though fully set forth herein.

110. Luxury Lounger has infringed and continues to infringe the D'190 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Luxury Lounger's Chaise Lounger, which is covered by the claim of the D'190 Patent.

111. Luxury Lounger's Chaise Lounger infringes the D'190 Patent because the overall appearance of the design of Luxury Lounger's Chaise Lounger and the D'190 Patent are substantially the same, and an ordinary observer would perceive the overall appearances of the design of Luxury Lounger's Chaise Lounger and the D'190 Patent to be substantially the same.

112. Luxury Lounger's acts of infringement have been without express or implied license by Ledge Lounger, are in violation of Ledge Lounger's rights, and will continue unless

enjoined by this Court.

113.    On information and belief, Luxury Lounger's infringement of the D'190 Patent has been, and continues to be, deliberate, intentional, and willful.

114.    On information and belief, this is an exceptional case in view of Luxury Lounger's unlawful activities, including Luxury Lounger's deliberate, intentional, and willful infringement.

115.    Ledge Lounger has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

116.    Luxury Lounger also has caused, is causing, and will continue to cause irreparable harm to Ledge Lounger for which there is no adequate remedy at law and for which Ledge Lounger is entitled to injunctive relief under at least 35 U.S.C. § 283.

## **Demand for Jury Trial**

Ledge Lounger hereby demands a jury trial on all issues so triable.

## **Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

1.  Judgment that Luxury Lounger has willfully (i) infringed Ledge Lounger's trade dress registration in violation of § 1114 of Title 15 in the United States Code; (ii) infringed Ledge Lounger's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted Ledge Lounger's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (iv) diluted Ledge Lounger's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (v) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (vi) violated Ledge Lounger's common law rights in Ledge Lounger's trade dress; (vii) engaged in

common law unfair competition; (viii) engaged in common law misappropriation; (iv) been unjustly enriched at Ledge Lounger's expense; (x) infringed the D'189 Patent in violation of § 271 of Title 35 in the United States Code; (xi) infringed the D'190 Patent in violation of § 271 of Title 35 in the United States Code; and that all of these wrongful activities by Luxury Lounger were willful;

2. A preliminary and permanent injunction against further infringement and dilution of Ledge Lounger's trade dress and patents by Luxury Lounger and each of Luxury Lounger's agents, employees, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, pursuant to at least 35 U.S.C. § 283, 15 U.S.C. § 1116, and Tex. Bus. & Com. Code § 16.104;

3. An Order directing Luxury Lounger to recall all Infringing Products sold and/or distributed and to provide a full refund for all recalled Infringing Products;

4. An Order directing the destruction of (i) all Infringing Products, including all recalled Infringing Products, (ii) any other products that use a copy, reproduction, or colorable imitation of Ledge Lounger's trade dress or patents in Luxury Lounger's possession or control, (iii) all plates, molds, and other means of making the Infringing Products in Luxury Lounger's possession, custody, or control, or under its direction, and (iv) all advertising materials related to the Infringing Products in Luxury Lounger's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5. An Order directing Luxury Lounger to publish a public notice providing proper attribution of Ledge Lounger's trade dress and patent rights to Ledge Lounger, and to provide a copy of this notice to all customers, distributors, and/or others from whom

the Infringing Products are recalled;

6. An Order barring importation of the Infringing Products and/or colorable imitations thereof into the United States, and barring entry of the Infringing Products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7. An award of Luxury Lounger's profits, Ledge Lounger's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117; Tex. Bus. & Com. Code § 16.104;

8. A judgment holding this to be an exceptional case, an award of damages adequate to compensate Ledge Lounger for Luxury Lounger's willful patent infringements pursuant at least to 35 U.S.C. § 284, and an award for Luxury Lounger's profits from its patent infringements pursuant at least to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285; and

9. Such other and further relief as this Court deems just and proper.

Dated: February 27, 2023                    Respectfully submitted,

                                            BANNER & WITCOFF, LTD.

                                            By: */s/ Scott A. Burow*
                                                 Scott A. Burow (admitted in the Southern
                                                 District of Texas)
                                                 Attorney-In-Charge
                                                 Illinois Bar No. 6242616
                                                 Southern District of Texas Bar No. 3468321
                                                 sburow@bannerwitcoff.com
                                                 BANNER & WITCOFF, LTD.

71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Matthew P. Becker (*pro hac vice forthcoming*)
Illinois Bar No. 6255614
mbecker@bannerwitcoff.com
Christian T. Wolfgram (*pro hac vice forthcoming*)
Illinois Bar No. 6333565
cwolfgram@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 S. Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

ATTORNEYS FOR PLAINTIFF LEDGE
LOUNGER, INC.