IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Ledge Lounger, Inc., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:23-cv-00727 |
| § | |
| Luxury Lounger, Inc., § | |
| § | |
| Defendant. § | |

**JOINT CLAIM CONSTRUCTION STATEMENT**

In accordance with the Scheduling Order in this case and P.R. 4-3, the parties hereby submit their Joint Claim Construction Statement.

1. **Agreed Constructions**

**U.S. Patent D917,189 and D917,190**

| Term | Agreed Construction |
|---|---|
| "chaise" | Chaise is short for chaise lounge, which means a long reclining chair |

2. **Disputed Constructions**

The only disputed claim term identified by the parties in need of construction is below. This term is found in both of the asserted patents.

**U.S. Patent D917,189 and D917,190**

| Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|
| "ornamental design" | No construction required | The portion of the claimed design, if any, that was created for the purpose of ornamenting, was not the by-product of functional or mechanical considerations, and was created |

| | | |
|---|---|---|
| | | for the specific purpose of ornamenting.<br><br>Extrinsic evidence:<br>Manual of Patent Examining Procedure, § 1504.01(c) |

**3. Claim construction hearing**

The Plaintiff believes that a claim construction hearing is not necessary and that the disputed claim term may be resolved based on the parties' briefs. Design patents generally claim a design "as shown in drawings," district courts are cautioned that "the preferable course ordinarily will be . . . not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed Cir. 2008) (en banc).

The Defendant believes that a claim construction hearing is necessary with respect to the issue of functionality, and determining which features of the claimed design, if any, are not functional.

**4. Proposed witnesses**

The Plaintiff will not call any witnesses. Plaintiff objects to Defendant's suggestion that inventors may testify regarding the scope of the claims. Inventor testimony is of limited relevance in construing utility patents, *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1584-85 (Fed. Cir. 1996), and even less so in a design patent case where the scope of the design is dictated by the patent drawings. *In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988) ("Design patents have almost no scope. The claim at bar, as in all design cases, is limited to what is shown in the application drawings.").

The Defendant proposes that the named inventors of the patents-in-suit should be witnesses at the hearing, on the issues relating to functionality.

### 5. Other issues

Defendant believes that the issue of the functionality of the designs of the patents in suit (which are both design patents), and distinguishing between the functional and non-functional aspects of the designs, are issues relevant to and that must be considered as part of the claim construction process. *E.g., OddzOn Prod., Inc. v. Just Toys, Inc.,* 122 F.3d 1396, 1404–05 (Fed. Cir. 1997)("Whether a design patent is infringed is determined by first construing the claim to the design, when appropriate, and then comparing it to the design of the accused device. A design patent only protects the novel, ornamental features of the patented design. **Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent.**" (emphasis added, internal citations omitted*); Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1333 (Fed. Cir. 2015)("The scope of that claim, however, must be limited to the ornamental aspects of the design, and does not extend to 'the broader general design concept.'"). Defendant intends to address the functionality issue in its claim construction briefing and desires to further explore the issues by way of a hearing with witnesses.

Defendant first raised the issue of functionality in its Answer, Defenses, and Counterclaims and reasserted its position that functionality should be addressed a part of the claim construction process in its Local Patent Rule 4.2 Statement to Plaintiff ("Though not related to any specific term in the claim of either asserted patent, based on controlling case law, by way of argument in the claim construction briefing, Defendant will seek a claim construction that identifies and limits the claims to only the ornamental features (if any) of the claimed designs.").

Plaintiff asserts that Defendant has waived its functionality arguments because Defendant did not identify any particular feature or features of the patented design that is/are allegedly functional, or identify a proposed claim construction for those allegedly functional feature(s), as required by the court's rules. P.R. 4-1; 4-2. By failing to provide the information required by P.R. 4.1 and P.R. 4.2, Defendant has defeated the purpose of the local patent rules, which is to provide notice of a party's contentions and to crystallize issues at set times in the litigation. Defendant's proposal to "address the functionality issue in its claim construction briefing" flaunts the local patent rules requirements and results in claim construction briefing by ambush. Indeed, Plaintiff will be prejudiced by having to file its opening claim construction brief without the benefit of Defendant's identification of allegedly functional features or Defendant's proposed claim constructions.

Dated: November 21, 2023

By: /s/ Matthew P. Becker

Scott A. Burow (admitted in the Southern District of Texas)
Attorney-In-Charge
Illinois Bar No. 6242616
Southern District of Texas Bar No. 3468321
sburow@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Matthew P. Becker (*Admitted pro hac vice*)
Illinois Bar No. 6255614
mbecker@bannerwitcoff.com
Christian T. Wolfgram (*Admitted pro hac vice*)
Illinois Bar No. 6333565
cwolfgram@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 S. Wacker Drive, Suite 3600

By: /s/ Robert B. Golden

Robert B. Golden
*Admitted pro hac vice*
Wade Johnson
NOLTE LACKENBACH SIEGEL
2717 Commercial Center Blvd., Ste E200
Katy, Texas 774941
Tel.: 866.201.2030
Email: rgolden@nls.law
         wjohnson@nls.law

ATTORNEYS FOR DEFENDANT
LUXURY LOUNGER, INC.

Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

ATTORNEYS FOR PLAINTIFF LEDGE
LOUNGER, INC.

## CERTIFICATE OF SERVICE

I certify that on November 21, 2023, a true and accurate copy of JOINT CLAIM CONSTRUCTION STATEMENT was filed with the court through its ECF filing system, thereby providing notice to all counsel of record.

/s/ Matthew P. Becker
Matthew P. Becker
Attorney for Plaintiff