IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Ledge Lounger, Inc., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-00727 |
| Luxury Lounger, Inc., | § § | Honorable Lee. H. Rosenthal |
| Defendant. | § § | Jury Trial Demanded |

**PLAINTIFF LEDGE LOUNGER'S OPENING CLAIM CONSTRUCTION BRIEF**

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | Introduction | 1 |
| II. | Background – The Patented Designs at Issue | 3 |
| III. | Legal Standard for Construing a Design Patent | 5 |
| IV. | Proper Constructions of Ledge Lounger's Patents | 7 |
| | A. Construction of US Patent No. D197,189 | 7 |
| | B. Construction of US Patent No. D197,190 | 8 |
| | C. "Ornamental design" | 8 |
| | D. Defendant's "Functionality" Allegations Should Not Be Considered | 11 |
| | E. The Patented Designs are not "Purely Functional" | 12 |
| V. | Conclusion | 13 |

## TABLE OF AUTHORITIES

**Cases**

*Apple, Inc. v. Samsung Elecs. Co., Ltd.*,
  786 F.3d 983 (Fed. Cir. 2015) ..................................................................................................6

*Arminak & Assocs., Inc.*,
  501 F.3d 1314 (Fed. Cir. 2007) ................................................................................................5

*Avia Group Int'l,Inc. v. L.A. Gear California, Inc.*,
  853 F.2d 1557 (Fed. Cir. 1988) ..............................................................................................12

*Central Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions P.C.*,
  482 F.3d 1347 (Fed. Cir. 2007) ..............................................................................................12

*Contessa Food Prods., Inc. v. Conagra, Inc.*,
  282 F.3d 1370 (Fed. Cir. 2002) ............................................................................................5, 9

Critikon, Inc. v. Becton Dickinson Va scular Access, Inc.,
  120 F.3d 1253 (Fed. Cir. 1997) ................................................................................................9

*Crocs, Inc. v. Effervescent, Inc.*,
  No. 06-cv-00605, 2021 WL 952231 (D. Col. Mar. 11, 2021)...................................................6

*Crocs, Inc. v. Int'l Trade Comm'n*,
  598 F.3d 1294 (Fed. Cir. 2010) ............................................................................................5, 6

*Dexas Int'l Ltd. v. Office Max Inc.*,
  No. 07-cv-396, 2009 WL 252164 (E.D. Tex. Jan. 30, 2009) ...................................................6

*Dobson v. Dornan*,
  118 U.S. 10, 14, 6 S.Ct. 946, 30 L.Ed. 63 (1886) ....................................................................5

*Durling v. Spectrum Furniture Co.*,
  101 F.3d 100 (Fed. Cir. 1996) ..................................................................................................6

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
  543 F.3d 665 (Fed. Cir. 2008) (en banc) .................................................................................1

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*,
  796 F.3d 1312 (Fed. Cir. 2015) .......................................................................................10, 12

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*,
  796 F.3d 1312 (Fed. Cir. 2015) ............................................................................... 11, 12, 13

*Goodyear Tire & Rubber Co.*,
  162 F.3d 1113 (Fed. Cir. 1998) ................................................................................................5

*Gorham Mfg. Co. v. White*,
 81 U.S. (14 Wall.) 511 (1871) ...................................................................................................9

*In re Rubinfield*,
 270 F.2d 391 (CCPA 1959) .....................................................................................................10

*LA Gear, Inc. v. Thom McAn Shoe Co.*,
 988 F.2d 1117 (Fed. Cir. 1993) ...........................................................................................8, 12

*Markman v. Westview Instruments, Inc.*,
 52 F.3d 967 (Fed. Cir. 1995) .....................................................................................................5

*Music Choice v. Stingray Digital Group Inc.*,
 No. 16-cv-00586, 2019 WL 8110069 (E.D. Tex. Nov. 19, 2019) ...........................................12

*Nordock, Inc. v. Systems, Inc.*,
 927 F. Supp. 2d 577 (E.D. Wis. 2013) ......................................................................................6

*OddzOn Prods., Inc. v. Just Toys, Inc.*,
 122 F.3d 1396 (Fed.Cir.1997) .................................................................................................11

*Pacific Furniture Mfg. Co. v. Preview Furniture Corp.*,
 800 F.2d 1111 (Fed. Cir. 1986) .................................................................................................9

*Skechers U.S.A., Inc. v. Eliya, Inc.*,
 2017 WL 3449594 (C.D. Cal. 2017) .........................................................................................5

*Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc.*,
 No. 11-cv-6990, 2012 WL 5379144 (C.D. Cal. Oct. 31, 2012) ................................................6

*Sport Dimension, Inc. v. Coleman Co.*,
 820 F.3d 1316 (Fed. Cir. 2016) ..........................................................................................1, 10

**Statutes**

35 U.S.C. § 171 ..............................................................................................................................2, 8

**Other Authorities**

Manual of Patent Examining Procedure § 1502 .............................................................................9

Manual of Patent Examining Procedure § 1503.01 (8th ed. 2006) .................................................5

Manual of Patent Examining Procedure § 1504.01(c) ....................................................................9

**Regulations**

37 C.F.R. § 1.153(a) .........................................................................................................................8

I.     **Introduction**

Pursuant to the Patent Scheduling and Docket Control Order and P.R. 4.5, Plaintiff, Ledge Lounger, Inc., hereby submits its opening claim construction brief. *See* ECF ## 32, 36. This lawsuit alleges infringement of two design patents, U.S. Patent Nos. D917,189 and D917,190 ("D189" and "D190"), Ex. 1 and Ex. 2. The design patents at issue claim the overall visual impression of a chaise lounge chair design.

A United States patent is a right to exclude others from practicing the patent's claim. Design patents protect the ornamental appearance of articles of manufacture. The scope of exclusion afforded by a design patent is the overall visual impression of a drawn claim. In contrast, the scope of exclusion afforded by a utility patent is defined by the words of its written claims.

The Federal Circuit has explained that "[w]ords cannot easily describe ornamental designs." *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1321-22 (Fed. Cir. 2016). Because design patents protect the overall visual impression of an article, "the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 680 (Fed. Cir. 2008) (en banc). Here, verbally describing the chaise designs shown in the asserted patents is unnecessary, confusing, and risks "placing undue emphasis on particular features of the design … rather than on the design as a whole." *Id.* Accordingly, the asserted patents should be construed by reference to the figures in each patent.

There is only one disputed claim term identified by the parties—"ornamental design." ECF #38. This term requires no construction. Defendant, however, requests that the Court actually construe the term "ornamental design"—a term that is used in the Patent Act and that is included by default in almost every design patent. *See* 35 U.S.C. § 171 ("Whoever invents any new, original

1

and *ornamental design* for an article of manufacture may obtain a patent therefor…") (emphasis added). Not only is construction of the term "ornamental design" unnecessary, Defendant's proposed construction is littered with legal flaws, as explained below. The Court should reject Defendant's construction of "ornamental design" and find that the term does not require construction.

Defendant also vaguely suggests that the Court construe various unidentified features of the claimed designs as "functional." Defendant's vague suggestion should be denied out of hand for failing to abide by the Court's orders and the Local Patent Rules. Defendant did not identify in Defendant's Claim Terms to be Construed any particular feature of the asserted patents as "functional" (Ex. 3), nor did Defendant's Preliminary Claim Constructions provide a proposed construction for such features (Ex. 4). In short, Plaintiff has not been told what features Defendant believes are functional. The Local Patent Rules are specifically designed to require disclosure to crystallize disputed issues before claim construction briefing. By failing to comply with the Court's Order, Defendant has forfeited its opportunity to seek construction of any aspects of the asserted patents other than the term "ornamental design."

Even if Defendant raises for the first time in response to this claim construction brief any functionality arguments, both the Patent Act, 35 U.S.C. § 171, and legal precedent state that the scope of a design patent encompasses the ornamental design of both functional and non-functional features. Indeed, by providing protection for designs for an "article of manufacture," the Act expressly contemplates that patentable ornamentation will coexist with functional things. That is precisely the case here, where the claimed chaise lounge chairs serve a function (as does any article of manufacture), but the ornamental appearance is not *dictated* by function. Moreover, the validity and protectability of the claimed chaise lounge chair designs is made clear by the availability of

2

numerous alternative designs. Thus, both procedurally and on the merits, Defendant's untimely and nonspecific request for the Court to address unidentified features of the claimed designs as potentially functional fails.

Accordingly, Ledge Lounger respectfully requests that the Court hold that each asserted patent claims the overall visual appearance of what is shown in the patent figures and described by the patent's specification, and decline to provide detailed verbal descriptions of the claimed designs or their alleged functions.

**II.    Background – The Patented Designs at Issue**

The two Ledge Lounger patents at issue protect the ornamental designs of a chaise lounge chair. The patents relate to a chaise lounge chair Ledge Lounger exclusively manufactures for sale by one of its customers, shown below:



**Illustration 1:** Ledge Lounger chaise lounge chair

The D189 Patent and D190 Patent claim a three-dimensional design relating to the shape of the chaise. More specifically, the D189 Patent and D190 Patent both claim "[t]he ornamental design for a chaise, as shown and described." Ex. 1 at 1; Ex. 2 at 1. Both patents include figures showing perspective, front, back and side view(s) of the patented three-dimensional design. Ex. 1 at 1; Ex. 2 at 1. For example, representative figures from the D189 Patent appear below:



**Illustration 2:** Figure 1 (perspective), Figure 2 (front), and Figure 5 (left side view) of the D189 Patent

The D190 Patent contains similar figures, but includes broken lines representing portions of the chaise that are not part of the claimed design:



**Illustration 3:** Figure 1 (perspective), Figure 2 (front), and Figure 4 (right side view) of the D190 Patent

More specifically, in the D190 Patent the "uneven length broken lines immediately adjacent to the shaded area represent boundary lines and form no part of the claim. The even length broken lines represent the portions of the chaise that form no part of the claimed design." Ex. 2 at 1.

4

**III.     Legal Standard for Construing a Design Patent**

Claim construction is the legal process of defining the metes and bounds of a patented invention. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 1000 (Fed. Cir. 1995). Because design patents are visual, not verbal, the Federal Circuit has "cautioned, and continues to caution, trial courts about excessive reliance on a detailed verbal description." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1302 (Fed. Cir. 2010) (citing *Contessa Food Prods., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1377 (Fed. Cir. 2002)). To that end, in a design patent case, claim construction "must be adapted to a pictorial setting" and guard against "undue emphasis on particular features of the design rather than examination of the design as a whole." *Id.*

Design patents "typically are claimed as shown in drawings," and therefore claim construction "is adapted accordingly." *Arminak & Assocs., Inc.*, 501 F.3d 1314, 1319 (Fed. Cir. 2007); *see also Goodyear Tire & Rubber Co.*, 162 F.3d 1113, 1116 (Fed. Cir. 1998). For example, in *Contessa* the Federal Circuit approved a district court's construction of the asserted claim as meaning "a tray of a certain design as shown in Figures 1-3." 282 F.3d at 1377. As the Supreme Court has recognized, a design is better represented by an illustration "than it could be by any description and a description would probably not be intelligible without the illustration." *Dobson v. Dornan*, 118 U.S. 10, 14, 6 S.Ct. 946, 30 L.Ed. 63 (1886). Thus, "[a]s a rule the illustration in the drawing views is its own best description." *Id.* at 1302 (citing Manual of Patent Examining Procedure ("MPEP") § 1503.01 (8th ed. 2006)).

District courts regularly construe design patent claims simply as the ornamental design for the claimed article as shown and described in the patent's drawings. *See, e.g., Skechers U.S.A., Inc. v. Eliya, Inc.*, 2017 WL 3449594 (C.D. Cal. 2017) (finding "claim construction would not be helpful in determining the claim scope. The Asserted Patents' claims are better represented by

5

their respective illustrations and figures than a written claim construction."); *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 786 F.3d 983, 999 (Fed. Cir. 2015) (affirming district court's construction that design patent claimed the ornamental design as shown in the figures); *Nordock, Inc. v. Systems, Inc.*, 927 F. Supp. 2d 577, 587-89 (E.D. Wis. 2013) (construing claim as "[t]he ornamental design of a lip and hinge plate for a dock leveler, as shown and described," including the patent drawings and their descriptions in the patent); *Solar Sun Rings, Inc. v. Wal-Mart Stores, Inc.*, No. 11-cv-6990, 2012 WL 5379144, at *3 (C.D. Cal. Oct. 31, 2012) (construing claim as ornamental design shown in the patent's drawings); *Dexas Int'l Ltd. v. Office Max Inc.*, No. 07-cv-396, 2009 WL 252164, at *7 (E.D. Tex. Jan. 30, 2009) (construing claim as "A clipboard adapted to hold documents of a certain design, as shown in Figures 1-7"); *see also Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605, 2021 WL 952231, *6 (D. Col. Mar. 11, 2021) ("the Court declines the invitation to describe the claimed design").

The Federal Circuit does not require that a district court provide a detailed verbal description of the claimed design. *Egyptian Goddess,* 543 F.3d at 680. Indeed, courts should avoid describing a design patent because verbal descriptions risk "that a finder of fact will focus on each individual described feature in the verbal description rather than on the design as a whole." *Egyptian Goddess*, 543 F.3d at 680 ("as a general matter, … courts should not treat the process of claim construction as requiring a detailed verbal description of the claimed design, as would typically be true in the case of utility patents.").

Words can be used to aid a jury (or reviewing court) in orienting to relevant visual comparisons that must be performed in a design patent case. *See Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 103, 103 n.2 (Fed. Cir. 1996) (avoiding detailed verbal dissection of claimed design); *Crocs*, 598 F.3d at 1302–06. However, words used for orientation should not be misused

6

as words defining design claim scope. *Egyptian Goddess*, 543 F.3d at 680 (words can be used in connection with patented designs "*apart from* attempting to provide a verbal description of the design." (emphasis added)).

IV.   **Proper Constructions of Ledge Lounger's Patents**

Ledge Lounger respectfully asks this Court to follow the preferable course outlined by the Federal Circuit, and not attempt to construe a design patent claim by providing a detailed verbal description of the claimed design or any features thereof. Instead, the Court should follow Federal Circuit precedent and construe the asserted design patents as simply: the overall visual impression of the designs shown and described in the patents, as set forth below.

A. **Construction of US Patent No. D197,189**

The overall visual impression of the design as depicted in Figures 1-5 of the patent, viewed as a whole.[1]



**Figures of US Patent No. D197,189**

---

[1] The Federal Circuit has also explained that "a trial court can usefully guide the finder of fact by addressing a number of other issues that bear on the scope of the claim … such matters as describing the role of particular conventions in design patent drafting, such as the role of broken lines ..." *Egyptian Goddess*, 543 F.3d at 680. For example, the court may find it useful to explain to the jury that the shading (*i.e.* solid interior lines) aids in depicting the contour of the surfaces represented.

### B. Construction of US Patent No. D197,190

The overall visual impression of the design as depicted in solid lines in Figures 1-4 of the patent, viewed as a whole. The uneven length broken lines immediately adjacent to the shaded area represent boundary lines and form no part of the claim. Ex. 2 at 1. The even length broken lines represent the portions of the chaise that form no part of the claimed design.



**Figures of US Patent No. D197,190**

### C. "Ornamental design"

The Court should reject Defendant's proposal to construe "ornamental design" because the term needs no construction. ECF #38, Joint Claim Construction Statement, at 1-2. The term "ornamental design" finds its roots in the patent statute: "Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor …" 35 U.S.C. § 171. A patented design is ordinarily claimed "as shown," that is by its drawing. *LA Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1122 (Fed. Cir. 1993). Federal Regulation 37 C.F.R. § 1.153(a) states that for design patents, "[n]o description, other than a reference to the drawing is ordinarily

8

required" and that "[t]he claim shall be in the formal terms to the ornamental design for the article (specifying name) as shown, or as shown and described." Thus, design patent applicants are required to refer to the "ornamental design" in order to obtain a design patent. No further construction of "ornamental design" is needed.

Defendant's proposed construction of "ornamental design" is also contrary to law. Defendant proposes construing the term to mean "the portion of the claimed design, if any, that was created for the purpose of ornamenting, was not the by-product of functional or mechanical considerations, and was created for the specific purpose of ornamenting." ECF #38 at 1-2, citing Manual of Patent Examining Procedure (MPEP) § 1504.01(c). The proposed construction is wrought with legal errors.

First, Defendant points to the wrong section of the MPEP, which "does not have the force of law." *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1257 (Fed. Cir. 1997). MPEP § 1502 is titled "Definition of a Design," and states the "design for an article consists of the visual characteristics embodied in or applied to an article." MPEP § 1502. This section of the MPEP further explains that a design "may relate to the configuration or shape of an article," which is the case with Ledge Lounger's design patents. *Pacific Furniture Mfg. Co. v. Preview Furniture Corp.*, 800 F.2d 1111 (Fed. Cir. 1986) (affirming infringement of design patent for chairs). This is consistent with precedential case law interpreting the meaning of 35 U.S.C. § 171 and/or predecessor statues as encompassing three types of designs: (1) a design for surface ornamentation of an article of manufacture, (2) a configuration or shape of an article of manufacture, and (3) a combination of both. *See e.g. Gorham Mfg. Co. v. White*, 81 U.S. (14 Wall.) 511, 525 (1871).

Second, Defendant's proposed construction would require determining the intent of the inventor to determine the "purpose" of the ornamentation, but the inventor's intent plays no role in construing a design patent. The scope of the claimed design encompasses "its visual appearance as a whole," and in particular "the visual impression it creates" which is determined based on the patent figure. *Contessa Food*, 282 F.3d at 1376. Extrinsic evidence regarding the inventor's intent

9

or "purpose" of a particular feature has no relevance to the "visual" impression of a design shown in a patent figure.

Third, Defendant's proposed claim construction would dissect the claimed designs into various unidentified "portion[s]" to assess whether each "portion" was a "by-product of functional or mechanical considerations." This is legally improper because "the appearance of a design as a whole" defines the scope of the claims and controls the infringement analysis. *Contessa Food*, 282 F.3d at 1378, quoting *In re Rubinfield*, 270 F.2d 391, 395 (CCPA 1959). Indeed, the Federal Circuit has cautioned courts against claim constructions that describe certain features, calling the practice risky and unwise. *Egyptian Goddess,* 543 F.3d at 680 (stating it is "unwise to attempt a full description of the claimed design" and doing so "risk[s] that a finder of fact will focus on each individual described feature … rather than on the design as a whole").

Fourth, and most problematic, Defendant's proposed construction would exclude aspects of the patented designs that have any functional consideration. This is legally wrong because the ornamental scope of functional features ***must*** be considered as part of the overall appearance of the claimed design. *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1321-22 (Fed. Cir. 2016); *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1329 (Fed. Cir. 2015) ("[T]he claimed design viewed in its entirety—is the basis of the relevant inquiry, not the functionality of elements of the claimed design viewed in isolation."). Such features, even if having some functionality in isolation, must be included in the scope of the claims. In *Sport Dimension*, the Federal Circuit reversed a district court's claim construction because it *excluded* aspects of the design deemed functional. 820 F.3d at 1322 (reversing construction "[t]he ornamental design for a personal flotation device, as shown and described in Figures 1–8, *except the left and right armband, and the side torso tapering,* which are functional and not ornamental") (emphasis added). In *Sport Dimension,* eliminating "the armbands and side torso tapering from the claim entirely," which were part of the design as a whole, rendered the construction contrary to law. *Id.*

Other precedential decisions of the Federal Circuit reinforce that the scope of a design patent claim includes ornamental aspects of functional features. For example, in *OddzOn*, the court

10

found fins on a rocket-shaped football design functional, but the Federal Circuit affirmed a claim construction that nevertheless took the design of the fins into account. *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1400, 1405 (Fed.Cir.1997). Similarly, in *Ethicon*, the Federal Circuit reversed a district court's claim construction that gave no scope to elements having functionality, including a trigger, torque knob, and activation buttons. 796 F.3d at 1334. The Federal Circuit explained that the trigger, torque knob, and activation buttons have functional aspects, but the scope of the claims encompassed the depicted ornamental aspects of the combination of those features.

For at least these reasons, the court should reject Defendant's proposed construction of "ornamental design."

### D. Defendant's "Functionality" Allegations Should Not Be Considered

Defendant's vague assertion that the Court must distinguish between functional and non-functional aspects of the claimed designs flouts the Court's orders and Local Patent Rules, and misapprehends the law pertaining to design patent "functionality." ECF #38 at 3.

As an initial matter, Defendant waived its opportunity to seek "a claim construction that identifies and limits the claims to only the ornamental features" of the claimed designs when it failed to abide by the Local Patent Rules. Ex. 4 at 2. Specifically, Local Patent Rule 4-1 requires each party to provide "a list of claim terms, phrases, or clauses that the party contends should be construed by the presiding judge." Local Patent Rule 4-2 then requires each party to provide "a proposed 'Preliminary Claim Construction' of each element of each claim term, phrase, or clause in issue." Here, Defendant did not identify any feature in the claimed designs that is partly, let alone, purely functional. *See* Ex. 3. Nor did Defendant propose a construction "that identifies and limits the claims to only the ornamental features." Ex. 4 at 2; ECF #38.

By failing to provide the information required by Local Patent Rules 4-1 and 4-2, Defendant negated the purpose of the Rules, which is to provide notice of a party's proposed construction and crystallize the issues *before* claim construction briefing begins. Defendant's

11

proposal to "address the functionality issue in its claim construction briefing" is against the Rules, is prejudicial to Plaintiff, and results in claim construction briefing by ambush. ECF #38 at 3. Because the Patent Scheduling and Docket Control Order required Defendant to exchange all proposed claim constructions *before* claim construction briefing began, ECF #32, Defendant has forfeited any "functional" claim construction it may later propose. *See Music Choice v. Stingray Digital Group Inc.*, No. 16-cv-00586, 2019 WL 8110069, at * (E.D. Tex. Nov. 19, 2019) (finding failure to timely raise claim construction argument waived argument); *Central Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (affirming district court finding that party waived claim construction argument by failing to raise it during claim construction).

### E. The Patented Designs are not "Purely Functional"

As explained above, design patents protect the ornamental (visual) appearance of articles of manufacture; they may protect the look of things that perform functions. That is because a design patent's claim protects an article of manufacture, which "necessarily serves a utilitarian purpose." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed.Cir.1993). Unless a design is "purely functional" such that its overall appearance is "dictated by function," the Federal Circuit has explained that a patented design has protectable, ornamental scope. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1333-34 (Fed. Cir. 2015) .

The test for determining whether part of a claimed design is purely functional requires a court to establish that the design is ***dictated solely by function***.[2] *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293-94 (Fed. Cir. 2010). Designs are rarely found to be dictated solely by function because "the availability of alternative designs [is] an important—if not dispositive—factor." *Ethicon*, 796 F.3d at 1330; *Avia Group Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1563 (Fed. Cir. 1988).

---

[2] Whether a design's overall appearance is dictated by its function is a validity issue. *Sport Dimension,* 820 F.3d at 1320.

12

Here, Defendant has not identified any particular feature that is dictated solely by function. Nor are there are any "purely functional" features for the Court to describe in words. Instead, Defendant vaguely alleges that unidentified aspects of the designs perform functions and, thus, should be limited to their ornamental aspects. But that is no different from any other design patent case in which the Federal Circuit has explained the "preferable course" is to construe design patents as the overall ornamental design of the article shown in the figures. *Egyptian Goddess*, 543 F.3d at 679-80. Thus, there is no legal consequence to Defendant's functionality arguments.

In any event, the claimed Ledge Lounger designs are highly ornamental. When evaluating alleged design functionality, courts "have often focused … on the availability of alternative designs as an important—if not dispositive—factor in evaluating the legal functionality of a claimed design." *Ethicon*, 796 F.3d at 1329-31 ("[T]o be considered an alternative, the alternative design must simply provide the same or similar functional capabilities."); *Avia Grp. Int'l, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1563 (Fed. Cir. 1988), *abrogated on other grounds by Egyptian Goddess*, 543 F.3d 665. Chaise lounge chairs come in many different designs, which reinforces that the design is not purely functional. Here, no aspect of the claimed designs is dictated solely by function, and because there are numerous design alternatives that accomplish the same or similar functions, there is no issue of functionality to resolve through claim construction.

## V.     Conclusion

For the foregoing reasons, Ledge Lounger respectfully requests that the Court construe each of the asserted design patents as the overall visual impression of what is shown in the patent's figures and described in the patent's specification. The Court should reject Defendant's untimely attempt to dissect the claimed designs into separate "functional" elements, and further find that no part of the appearance of the claimed designs is dictated solely by function.

Dated: December 15, 2023

By: */s/ Scott A. Burow*

Scott A. Burow (admitted in the Southern District of Texas)
Attorney-In-Charge
Illinois Bar No. 6242616
Southern District of Texas Bar No. 3468321
sburow@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

Matthew P. Becker (*Admitted pro hac vice*)
Illinois Bar No. 6255614
mbecker@bannerwitcoff.com
Christian T. Wolfgram (*Admitted pro hac vice*)
Illinois Bar No. 6333565
cwolfgram@bannerwitcoff.com
BANNER & WITCOFF, LTD.
71 S. Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

ATTORNEYS FOR PLAINTIFF LEDGE LOUNGER, INC.

## CERTIFICATE OF SERVICE

I certify that on December 15, 2023, a true and accurate copy of LEDGE LOUNGER'S OPENING CLAIM CONSTRUCTION BRIEF was filed with the court through its ECF filing system, thereby providing notice to all counsel of record:

>Robert Golden
>New York Bar No. 2536670
>rgolden@nls.law
>
>Wade Johnson
>Texas Bar No. 24062197
>Southern District of Texas Bar No. 1055556
>wjohnson@nls.law
>
>Nolte Lackenbach Siegel
>2717 Commercial Center Blvd., Ste E200
>Katy, Texas 77494

>*/s/ Scott A. Burow*
>Attorney for Plaintiff