

New York | Houston | Palo Alto | Austin
1.866.201.2030 | www.NLS.law

WRITER'S DIRECT DIAL
(914) 723-4394
rgolden@NLS.law

December 29, 2023

**Via ECF**

United States District Judge Lee H. Rosenthal
United States District Court
515 Rusk Street
Houston, Texas 77002

   Re.: *Ledge Lounger Inc. v. Luxury Lounger Inc.*, Case No. 4:23-cv-0727
     Agenda for January 4, 2024, 2:30 P.M. Pre-motion Conference

Dear Judge Rosenthal:

  We represent the Defendant in the above captioned action. We write pursuant to the Court's individual procedures for pre-motion conferences and responsive to Plaintiff's letter dated December 28, 2023 (ECF # 41).

  Inasmuch as Plaintiff's pre-motion letter relates to motions it intends to bring, Plaintiff has accurately set forth its agenda. The proposed motions, however, do implicate issues that Plaintiff did not identify. More specifically, with respect to Plaintiff's proposed motion to amend the complaint to add additional parties, Defendant respectfully suggests that the Court should inquire into why Plaintiff did not add the individual owner of Defendant prior to the Court's deadline for filing amendments, as the identify of the individual was known to Plaintiff prior to Plaintiff's discovery efforts. Indeed, this information was disclosed to Plaintiff as part of the party's pre-suit settlement efforts. In the same vein, Defendant suggest that the Court should inquire into the harm that would come to the individual and the impact such a late amendment would have on Defendant's litigation strategy. And lastly, by way of clarification, Defendant notes that in an effort to compromise the dispute over the proposed amendments, Defendant did offer to permit amendment to add Defendant's importer. The offer, however, was contingent on Plaintiff not seeking to add the individual. Thus, should Plaintiff proceed with the motions, Defendant would oppose the motions in their entirety.

  With respect to Plaintiff's proposed motion for contempt, Defendant suggest that the Court should inquire into the validity of the underlying Preliminary Injunction. As Plaintiff notes in its letter, the accused product is a redesigned product, not the product that existed at the

111 Brook Street
Scarsdale, New York 10583

2717 Commercial Center Blvd.
Katy, Texas 77494

228 Hamilton Ave, 3rd Floor
Palo Alto, California 94301

December 29, 2023

time of and was the subject matter of the injunction.  If Plaintiff attempts to stretch the injunction to cover the new design using the injunction's "colorable imitation" language, such attempts will call into question the validity of the injunction, as injunctions that require a party to "obey the law" are generally deemed invalid.

    Thank you for your attention to this matter.

    Very truly yours,

**NOLTE LACKENBACH SIEGEL**

*Rob Golden*

Robert B. Golden